473 F.2d 907
 73-1 USTC P 9328
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
James H. Wheeler, Appellant.
 No. 72-1652.
 United States Court of Appeals, Fourth Circuit.
 Jan. 18, 1973.
 
 Before CRAVEN, BUTZNER, and RUSSELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James H. Wheeler appeals from his conviction, on a plea of not guilty, after a trial by jury, of ten counts of willfully assisting in the preparation of fraudulent income tax returns in violation of 26 U.S.C. Sec. 7206(2). Wheeler complains that the prosecutor's requesting his co-defendant's attorney to produce a certain document constituted a denial of his right to a fair trial, and that the evidence was insufficient to support his conviction. We find no merit in these assignments of error and therefore affirm.
 
 
 2
 The request in question occurred while Wheeler was being cross-examined after taking the stand in his own defense. Upon being questioned concerning a power of attorney which was supposed to have been executed by one of the taxpayers for whom a fraudulent return was prepared, Wheeler replied that the husband of his co-defendant had it. The prosecutor then said: "We would ask defense counsel to produce that power of attorney if they have it."
 
 
 3
 Before defense counsel could reply the court admonished the prosecutor: "Wait a minute now, a defendant does not have to do anything." The prosecutor withdrew the request, and no objections were made until the jury had been excused at the completion of all evidence. Wheeler's attorney moved for a mistrial on the ground this request had prejudiced his client. The court overruled the motion, stating that it saw no prejudice to either defendant.
 
 
 4
 In its charge the court instructed the jury that "[t]he law does not impose upon a defendant the duty of producing any evidence."
 
 
 5
 This Court has recognized that if improper comment by a prosecutor produces prejudice to the defendant, a new trial must be granted. United States v. Callanan, 450 F.2d 145 (4th Cir.1971). To test whether prejudice did occur, the comment must be tested against "the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error." United States v. Callanan, supra, 450 F.2d at 151, quoting Gaither v. United States, 413 F.2d 1061, 1079 (D.C.Cir.1969).
 
 
 6
 After careful consideration we find that no prejudice occurred to Wheeler because of the prosecutor's improper request. The case was not a close one, for there was abundant evidence of his guilt. The remark did not touch on an issue affecting the issue of his guilt, and the trial court acted promptly to correct any misunderstanding the jury might have had concerning the responsibility of a defendant in the production of evidence.
 
 
 7
 We also find, after careful examination of the record, that there was more than sufficient evidence "taking the view most favorable to the government, to support the findings of guilt." United States v. Sherman, 421 F.2d 198, 199 (4th Cir.1970).
 
 
 8
 Accordingly, we dispense with oral argument, and the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.